**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROBERT H. BRAVER, | ) |
| | ) |
|                 Plaintiff, | ) |
| | ) |
| v. | )  Case No.: CIV-05-210-T |
| | ) |
| NEWPORT INTERNET MARKETING | ) |
|  CORPORATION, and | ) |
| ROBERT ALAN SOLOWAY, | ) |
| | ) |
|                 Defendants. | ) |

## **DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

## **STATEMENT OF FACTS**

Pending before the Court is Plaintiff Robert H. Braver's (Braver) Motion for Default Judgment.

Braver is an Internet services provider based in Norman, Oklahoma, and has brought this action brought under the federal CAN-SPAM Act of 2003, 15 U.S.C. § 7701 et seq ("CAN-SPAM Act"), Title 15, Oklahoma Statutes, §§ 776.1 – 776.4, ("Oklahoma Fraudulent Use of Electronic Mail Statute"), and Title 15, Oklahoma Statutes, §§ 776.5 – 776.7, ("Oklahoma Unsolicited Commercial Electronic Mail Statute"), alleging that the defendants have sent, caused to be sent, or were responsible for sending numerous illegal e-mail messages through or to Braver's e-mail servers.

Plaintiff served Defendants via Certified Mail, Restricted Delivery on January 25, 2005 pursuant to Title 12 O.S. § 2004(C)(2) as reflected in Exhibit "C" of *Plaintiff's Objection, In Part, to Defendants' Motion to Withdraw and Extension of Time* (Docket Entry No. 10). Defendants removed the case to this Court, entered an appearance through counsel, and further

waived service of process as reflected in the *Agreed Application for Extension of Time to Answer or Otherwise Plead* filed on February 23, 2005 (Docket Entry No. 4).

Plaintiff filed his Amended Complaint on March 7, 2005. On May 20, 2005, Defendants' counsel moved to withdraw and for an extension of time to answer or otherwise plead. By order of the Court dated May 23, 2005, Defendants' counsel were permitted to withdraw, and the defendants were granted an additional extension until June 10, 2005 to answer or otherwise plead. On June 10, 2005, defendants' former counsel filed a "Notice of Defendants' to Proceed Pro Se," however, defendant Soloway has not subsequently entered an appearance pro se. Furthermore, pursuant to LCvR17.1, defendant Newport Internet Marketing Corporation may not appear pro se.

The time for Defendants to file an answer or otherwise plead has not been further extended and has long since lapsed. At the time of the filing of this Motion, no substitute counsel has entered an appearance on behalf of the defendants, nor has any answer or other responsive pleading been filed by the defendants. Plaintiff's counsel has represented that he has not been contacted by the Defendants or new counsel purporting to represent the Defendants.

On June 13, 2005, Plaintiff moved for a Clerk's entry of default pursuant to Rule 55(a) and, again on September 12, 2005. On September 13, 2005, the Clerk entered Defendants' default.

On September 14, 2005, the Court entered an order setting this matter for hearing and directed Defendants' former counsel to immediately provide notice to Defendants.[1] A hearing was held on September 22, 2005, at which time Plaintiff appeared in person as well as with

---

[1] The Court file reflects Defendants' former counsel's actions to notify Defendants of the proceedings were both prompt and exhaustive. Defendants' former counsel utilized e-mail, facsimile and the postal service to provide notice to his former clients. (Doc. No. 17.)

counsel. Despite being given notice of the date and time of the hearing, Defendants did not appear.

Plaintiff moves for entry of default judgment against Defendants, based on Defendants' violations of the CAN-SPAM Act of 2003, the Oklahoma Fraudulent Use of Electronic Mail Statute and the Oklahoma Unsolicited Commercial Electronic Mail Statute.

Venue is proper in this Court because Braver's server facilities are located in Cleveland County, Oklahoma. *See* Amended Complaint, ¶6 (Docket Entry No. 7). A substantial part of the events giving rise to the Braver's Complaint and the damages incurred by Braver occurred within the Western District of Oklahoma. *Id.* ¶¶ 5,10. Braver's state law claims relate to acts occurring in the state as a matter of law. *See* Title 15 O.S. § 776.3.

Civil Rule 55(a) provides, "When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person." In addition to the statutory damages provided by law, Braver also seeks injunctive relief.

Defendants' default concedes the truth of the factual allegations of the Amended Complaint necessary to establish Defendants' liability under the CAN-SPAM Act of 2003, the Oklahoma Fraudulent Use of Electronic Mail Statute, and the Oklahoma Unsolicited Commercial Electronic Mail Statute.

## STATUTORY DAMAGES

As enumerated in the Braver's Affidavit and attached exhibits, Braver has demonstrated the receipt of:

a. one or more of Defendants' e-mails violating the Oklahoma Fraudulent Use of Electronic Mail statute on 206 separate dates. Braver has elected to seek minimum statutory damages of $25,000 per day in lieu of actual damages, for a total of $5,150,000.00.
b. one or more of Defendants' e-mails violating the Oklahoma Unsolicited Commercial Electronic Mail statute on 197 separate and distinct dates. Braver has elected to seek minimum statutory damages of $25,000 per day in lieu of actual damages, for a total of $4,925,000.00.

Accordingly, Braver has demonstrated that he is entitled to statutory damages in the amount of Ten Million Seventy-Five Thousand Dollars ($10,075,000.00).

## **PERMANENT INJUNCTION**

The CAN-SPAM Act of 2003 entitles providers of Internet access service adversely affected by a violation of 15 U.S.C. § 7704(a)(1), (b), or (d), or a pattern or practice that violates paragraph (2), (3), (4), or (5) of § 7704(a) of the Act to enjoin further violation by the defendant *or* seek recovery of monetary damages. 15 U.S.C. § 7706(g)(1). Braver has elected to obtain a permanent injunction against Defendants in lieu of damages with respect to the CAN-SPAM Act claims.

The Court, having reviewed the record in this case and Braver's Affidavit, finds that Braver is entitled to obtain a permanent injunction barring Defendants from further violations of the CAN-SPAM Act as enumerated at 15 U.S.C. § 7706(g)(1).

## **CONCLUSION**

For all of the foregoing reasons, the Court hereby GRANTS Braver's Motion for Default Judgment as follows:

1. The Court ORDERS, ADJUDGES, and DECREES: That Defendants, their agents, employees, affiliates, and any business entities and/or persons controlled directly or indirectly by them or acting on their behalf or in concert with them, are hereby *permanently* enjoined and restrained from:

a. Initiating the transmission of a commercial electronic mail message, to any computer involved in interstate commerce or communication, or a transactional or relationship message, that contains, or is accompanied by, header information that is materially false or misleading;

b. Initiating the transmission of a commercial electronic mail message to a protected computer with a subject heading that would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message (consistent with the criteria used in enforcement of section 5 of the Federal Trade Commission Act);

c. Initiating the transmission of a commercial electronic mail message to a protected computer without including a clear and conspicuous notice that that the message is an advertisement or solicitation;

d. Initiating the transmission of a commercial electronic mail message to a protected computer where the electronic mail address of the recipient was obtained using an automated means from an Internet website or proprietary online service operated by another person, such website or online service including, at the time such address was obtained, a notice stating that the operator of such website or online service will not give, sell, or otherwise transfer addresses maintained by such website or online services to any other party for the purpose of initiating, or enabling others to initiate, electronic mail messages; or

e. Relaying or retransmitting a commercial electronic mail message that is unlawful under 15 U.S.C. 7704(a) from a protected computer or network accessed without authorization.

2. It is further ORDERED, ADJUDGED, and DECREED: That the Plaintiff, Robert H. Braver, should be and is awarded statutory damages in the amount of Ten Million Seventy-Five Thousand Dollars ($10,075,000.00).

IT IS SO ORDERED this  22nd  day of September, 2005.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE